FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2015 OCT 21  PM 1: 33

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Orlando Division

Case No. 6:15-cv-1774 -Orl- 41 -TBS

KRISTINA B. RENICK,

      Plaintiff,

vs.

TURNSTILE CAPITAL
MANAGEMENT, LLC,
AMERICAN CORADIUS
INTERNATIONAL, LLC
and RAB, INC.,

      Defendants.

_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTINA B. RENICK, by and through her undersigned counsel, hereby files

her Complaint, sues the Defendants, TURNSTILE CAPITAL MANAGEMENT, AMERICAN

CORADIUS INTERNATIONAL, LLC and RAB, INC., and alleges as follows:

1.      This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act, seeking actual

damages, statutory damages, attorney's fees and costs.

2.      Venue in this judicial district is proper under 28 U.S.C. §1391(b).  All of the

actions and omissions forming the basis for this lawsuit occurred within this district.

3.      This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of

Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d), and 28 U.S.C. §§1331, 1337, and

1367.

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 2

_____

4.      Plaintiff, KRISTINA B. RENICK (hereinafter referred to as "Plaintiff" or "RENICK"), brings this action for illegal practices of Defendants, TURNSTILE CAPITAL MANAGEMENT, LLC, AMERICAN CORADIUS INTERNATIONAL, LLC and RAB, INC., who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff.

5.      Plaintiff alleges that Defendants, TURNSTILE CAPITAL MANAGEMENT, LLC, AMERICAN CORADIUS INTERNATIONAL, LLC and RAB, INC., and their respective debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

6.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.   Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.   The Eleventh Circuit has held that whether a debt

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 3

_____

collector's conduct violates the FDCPA should be judged from the standpoint of the "least

sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

8.      To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §

1692d, provides that a debt collector may not engage in any conduct the natural consequence of

which is to harass, oppress, or abuse any person in connection with the collection of a debt and

names a non-exhaustive list of certain per se violations of harassing and abusive collection

conduct.   15 U.S.C. § 1692d(1)-(6).

9.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use

of false, deceptive, and misleading collection statements and names a non-exhaustive list of

certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).


### PARTY-PLAINTIFF

10.     RENICK is a natural person who, at all times relevant to this complaint, resided in

Orlando, Florida.

11.     RENICK is, at all times relevant to this complaint, a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3).

12.     RENICK is alleged to have incurred a financial obligation for primarily personal,

family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C.

§ 1692a(5).

### PARTIES-DEFENDANTS

13.     Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC (hereinafter

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 4

"TCM"), is a debt buyer having its principal office located at:   402 West Broadway, Suite 2000,

San Diego, CA.

14.     TCM is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15.     Defendant, TCM is engaged in the collection of debts from consumers using the

telephone, internet and U.S. mail.

16.     Defendant, TCM, regularly attempts to collect consumer debts alleged to be due to

itself or to another.

17.     Defendant, AMERICAN CORADIUS INTERNATIONAL, LLC (hereinafter

"ACI"), is a debt collector having its principal office located at:   2420 Sweet Home Road, Suite

150, Amherst, NY 14228.

18.     Defendant, ACI is a "debt collector" as defined by the FDCPA, 15 U.S.C.

§1692a(6).

19.     Defendant, ACI, is engaged in the collection of debts from consumers using the

telephone, internet and U.S. mail.

20.     Defendant, ACI, regularly attempts to collect consumer debts alleged to be due to

another.

21.     Defendant, RAB, INC. (hereinafter "RAB"), is a debt collector having its

principal office located at:   3310 Keller Springs Road, Suite 120, Carrollton, TX 75006.

22.     Defendant, RAB, INC., sometimes does business under the name of "Regional

Adjustment Bureau."

23.     Defendant, RAB is a "debt collector" as defined by the FDCPA, 15 U.S.C.

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 5
_____

§1692a(6).

24.     Defendant, RAB, is engaged in the collection of debts from consumers using the internet, telephone and U.S. mail.

25.     Defendant, RAB, regularly attempts to collect consumer debts alleged to be due to another.

## FACTS

26.     Plaintiff, KRISTINA B. RENICK, is alleged to have incurred a financial obligation and is alleged to have defaulted on that obligation.

27.     The foregoing alleged financial obligations is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

28.     On December 9, 2014, a representative of the Defendants, RAB and TCM, contacted the Plaintiff by telephone in an attempt to collect a consumer debt.

29.     On or about December 10, 2014, Defendant, RAB, wrote a collection letter to Plaintiff (hereinafter referred to as "RAB Collection Letter"), a copy of which is attached hereto.

30.     The RAB Collection Letter was an attempt by Defendant, RAB, to comply with the provisions of 15 U.S.C. §1692g.

31.     The amount demanded in the RAB Collection Letter was $10,611.82.

32.     The statements in the RAB Collection Letter as to the amount due were false, misleading and deceptive.

33.     On or about October 1, 2015, Defendant, ACI, wrote a collection letter to Plaintiff (hereinafter referred to as "ACI Collection Letter"), a copy of which is attached hereto.

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 6

34.     The amount demanded in the ACI Collection Letter was $8,162.94.

35.     The amount demanded in the ACI Collection Letter was false, misleading and deceptive.

36.     At the time that the RAB Collection Letter was written, Plaintiff was not indebted to Defendant, TCM.

37.     At the time that the ACI Collection Letter was written, Plaintiff was not indebted to the Defendant, TCM.

38.     At least at the time that the ACI Collection Letter was written, Defendant, TCM knew that the Plaintiff was not indebted to it for any debt related to Keiser University.

39.     Plaintiff believes that the debt sought to by collected by the RAB Collection Letter is based on the same alleged debt as was sought to be collected the ACI Collection Letter.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT - TCM

40.     Plaintiff sues the Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC. and repeats and realleges the allegations in paragraphs 1 through 39 hereof.

41.     The communications to Plaintiff from Defendants, RAB and ACI, on behalf of the Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, in the form of the RAB Collection letter dated December 10, 2014 and the ACI Collection Letter dated October 1, 2015, were in violation of Section 808 of the FDCPA, 15 U.S.C. §1692f(1) which provides:

§ 808. Unfair practices

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 7

A debt collector may not use unfair or unconscionable means to collect or
attempt to collect any debt. Without limiting the general application of the
foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or
expense incidental to the principal obligation) unless such amount is
expressly authorized by the agreement creating the debt or permitted by
law.

42.     The communications to Plaintiff from Defendants, RAB and ACI, on behalf of the

Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, in the form of the RAB Collection

letter dated December 10, 2014 and the ACI Collection Letter dated October 1, 2015, were in

violation of Section 808 of the FDCPA, 15 U.S.C. §1692f(1) which provides provides:

A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any
debt. Without limiting the general application of the foregoing, the
following conduct is a violation of this section:

*             *             *             *

(2) The false representation of—

(A ) the character, amount, or **legal status of any debt**; (emphasis
supplied).

43.     The legal status of the debt that was sought to be collected by Defendant,

TURNSTILE CAPITAL MANAGEMENT, LLC, was that it was not a valid debt.

TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so

triable. US Const. amend. 7, Fed.R.Civ.P.  38.

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 8

WHEREFORE, Plaintiff prays for this Court:

a.      To declare that Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC., has violated the FDCPA;

b.      To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c.      To take whatever actions are necessary to repair Plaintiff's credit;

d.      To award Plaintiff statutory damages not to exceed $1,000.00;

e.      To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

f.      To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

g.      To award such other and further relief as the Court deems proper.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT - ACI

44.      Plaintiff sues the Defendant, ACI, and repeats and realleges the allegations in paragraphs 1 through 39 hereof.

45.      The communication to Plaintiff from Defendant, ACI, in the form of the ACI Collection Letter dated October 1, 2015, was in violation of Section 808 of the FDCPA, 15 U.S.C. §1692f(1) which provides:

§ 808. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 9

---

> (2) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

46.       The communication to Plaintiff from the Defendant, ACI, in the form of the letter dated October 1, 2015, was in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *               *               *               *
>
> (2) The false representation of—
>
> (A ) the character, amount, or **legal status of any debt**; (emphasis supplied).

47.       The legal status of the debt that was sought to be collected by Defendant, ACI, was that it was not a valid debt.


## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P.  38.

WHEREFORE, Plaintiff prays for this Court:

> a.   To declare that Defendant, ACI, has violated the FDCPA;
> b.   To award Plaintiff actual damages sustained as a result of the Defendant's

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 10

failure to comply with the FDCPA;

c.    To take whatever actions are necessary to repair Plaintiff's credit;

d.    To award Plaintiff statutory damages not to exceed $1,000.00;

e.    To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

f.    To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

g.    To award such other and further relief as the Court deems proper.

## COUNT III
## FAIR DEBT COLLECTION PRACTICES ACT – RAB

48.    Plaintiff sues the Defendant, RAB, and repeats and realleges the allegations in paragraphs 1 through 39 hereof.

49.    The communication to Plaintiff from Defendant, RAB, in the form of the RAB Collection letter dated December 10, 2014 was in violation of Section 808 of the FDCPA, 15 U.S.C. §1692f(1) which provides:

> § 808. Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> b.  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50.    The communication to Plaintiff from the Defendant, RAB, in the form of the RAB Collection Letter dated December 10, 2014 was in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 11

_____

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
>
> *               *               *               *
>
>   (2) The false representation of—
>
>   (A ) the character, amount, or **legal status of any debt**; (emphasis
> supplied).

51.     The legal status of the debt that was sought to be collected by Defendant, RAB,

was that it was not a valid debt.


TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so

triable. US Const. amend. 7, Fed.R.Civ.P.  38.

WHEREFORE, Plaintiff prays for this Court:

h.      To declare that Defendant, RAB, has violated the FDCPA;

i.      To award Plaintiff actual damages sustained as a result of the Defendant's
        failure to comply with the FDCPA;

j.      To take whatever actions are necessary to repair Plaintiff's credit;

k.      To award Plaintiff statutory damages not to exceed $1,000.00;

l.      To award Plaintiff reimbursement for such expenses as have been required
        to expend to prosecute this claim;

m.      To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C.
        §1692k;

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 12

n.  To award such other and further relief as the Court deems proper.

## COUNT IV
## FLORIDA CONSUMER COLLECTION PRACTICES ACT-TCM

52.  Plaintiff sues Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, and repeats and realleges the allegations in paragraphs 1 through 39 hereof.

53.  Plaintiff is an individual who resides in Orange County, Florida.

54.  Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

55.  Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, is a "person" as defined in §1.01(3), Fla. Stat.

56.  Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

            *                    *                    *

(9)  Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

57.  Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, had knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 13

---

58.    The tactics employed by Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

59.    Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

60.    All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

61.    Inasmuch as Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC asserted claims that did not exist as to Plaintiff, this was reasonably expected to abuse or harass the Plaintiff.

62.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

63.    As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

64.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

65.    Plaintiff is entitled to damages under Fla. Stat. §559.77 against the Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC.

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 14

_____

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B. That Defendant be enjoined from any and all further illegal collection practices.

C. Actual damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

D. Statutory damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

E. Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F. For such other and further relief as may be just and proper.

**COUNT V**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT-ACI**

65. Plaintiff sues Defendant, ACI, and repeats and realleges the allegations in paragraphs 1 through 39 hereof.

66. Plaintiff is an individual who resides in Orange County, Florida.

67. Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

68. Defendant, ACI, is a "person" as defined in §1.01(3), Fla. Stat.

69. Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

\*           \*           \*

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 15

_____

> (9)   Claim, attempt, or threaten to enforce a debt when such person knows
> that the debt is not legitimate, or assert the existence of some other legal
> right when such person knows that the right does not exist.

70.    Defendant, ACI, knowledge and control of the collection activities of its agents

and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries,

divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or

contractors, for the alleged debt that is the subject of this lawsuit.

71.    The tactics employed by Defendant, ACI, have caused Plaintiff considerable

worry, embarrassment, frustration, anger, distress, and concern that these organizations would go

to this extent to collect a debt.

72.    Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued

and are continuing as of the filing of this complaint.

73.    All conditions precedent to the filing of this action have occurred, been fulfilled

or waived.

74.    Inasmuch as Defendant, ACI, asserted claims that did not exist as to Plaintiff, this

was reasonably expected to abuse or harass the Plaintiff.

75.    Defendant's acts as described above were done intentionally with the purpose of

coercing Plaintiff to pay the alleged debt.

76.    As a result of the above violations of the Florida Consumer Collection Practices

Act, the Defendant, ACI, is liable to the Plaintiff for injunctive and declaratory relief and actual

damages, statutory damages, and attorneys' fees and costs.

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 16

77.    Defendant's actions have directly and proximately resulted in Plaintiff's

prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

78.    Plaintiff is entitled to damages under Fla. Stat. §559.77 against the

Defendant, ACI.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant, ACI, for the following:

A.    Declaratory judgment that Defendant's conduct violated the Florida Consumer
Collection Practices Act and declaratory and injunctive relief for the Defendant's
violations of the FCCPA.

B.    That Defendant be enjoined from any and all further illegal collection practices.

C.    Actual damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

D.    Statutory damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

E.    Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F.    For such other and further relief as may be just and proper.

## COUNT VI
## FLORIDA CONSUMER COLLECTION PRACTICES ACT-RAB

80.    Plaintiff sues Defendant, RAB, and repeats and realleges the allegations in

paragraphs 1 through 39 hereof.

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 17

81.     Plaintiff is an individual who resides in Orange County, Florida.

82.     Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

83.     Defendant, RAB, is a "person" as defined in §1.01(3), Fla. Stat.

84.     Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

      *                *              *

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

85.     Defendant, RAB, had knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

86.     The tactics employed by Defendant, RAB, have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

87.     Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

88.     All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 18

89.     Inasmuch as Defendant, RAB, asserted claims that did not exist as to

Plaintiff, this was reasonably expected to abuse or harass the Plaintiff.

90.     Defendant's acts as described above were done intentionally with the

purpose of coercing Plaintiff to pay the alleged debt.

91.     As a result of the above violations of the Florida Consumer Collection

Practices Act, the Defendant, RAB, is liable to the Plaintiff for injunctive and declaratory

relief and actual damages, statutory damages, and attorneys' fees and costs.

92.     Defendant's actions have directly and proximately resulted in Plaintiff's

prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

93.     Plaintiff is entitled to damages under Fla. Stat. §559.77 against the

Defendant, RAB.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant, RAB, for the following:

A.     Declaratory judgment that Defendant's conduct violated the Florida Consumer
        Collection Practices Act and declaratory and injunctive relief for the Defendant's
        violations of the FCCPA.

B.     That Defendant be enjoined from any and all further illegal collection practices.

C.     Actual damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

D.     Statutory damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

E.     Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F.     For such other and further relief as may be just and proper.

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 19

_____

KRISTINA B. RENICK

SWORN TO and SUBSCRIBED before me this _21_ day of October, 2015 by
KRISTINA B. RENICK, who produced a Florida Driver's License No.
RS20- 502- 74-827-0   and who took an oath that the matters set forth herein are true and
correct.

Notary Public
Commission
State of Florida at Large
My Commission Expires:

___X___          Produced photo identification

10/21/2015

N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address:  njtlaw@gmail.com

**35A RUST LANE**
**BOERNE, TX 78006-8202**





American Coradius International LLC
Toll Free: 1-855-224-3006

| Creditor: | TURNSTILE CAPITAL MANAGEMENT |
|---|---|
| Original Creditor: | KEISER UNIVERSITY |
| Account Number: | 590850253/601-001000 |
| Reference Number: | 7970405 |
| Account Balance: | $8,162.94 |
| Amount Remitted: | $ |

October 1, 2015

NTC1M
1 AB   *A-02-8WF-AM-01114-5

KRISTINA B RENICK
1265 OLD MILL RD
ORLANDO FL 32806-7845

**Make Checks Payable to:**

AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME RD STE 150
AMHERST NY 14228-2244

---

*PLEASE DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT IN THE ENVELOPE PROVIDED*

---

| Creditor | Original Creditor | Account # | Account Balance |
|---|---|---|---|
| TURNSTILE CAPITAL MANAGEMENT | KEISER UNIVERSITY | 590850253/601-001000 | $8,162.94 |

Dear Kristina B Renick

We are writing to you regarding your TURNSTILE CAPITAL MANAGEMENT/KEISER UNIVERSITY account. This account has been placed with our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

American Coradius International LLC
A Professional Debt Recovery Agency

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
Calls to or from this company may be monitored or recorded for quality assurance purposes.

---

**For your convenience you can now resolve this matter online . Logon to www.acibillpay.com to see the repayment options available to you.**
**You will need your 7 digit ACI reference number 7970405 available when you log in.**
**You can now make payment arrangements on your account using checking, or debit card accounts.**

 

---

Office Address: 2420 Sweet Home Rd Ste 150, Amherst NY 14228-2244
Hours of Operation: Mon-Thurs: 8AM-8PM, Fri: 8AM-5PM, Sat: 8AM-12PM EST

ACIL

Si usted prefiere un representante español, llame al **(877) 270-3049**

ONRABI02
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

**RAB** INC

**regional adjustment bureau**
*A Total Receivable Management Company*

**Toll Free**
**(800)-829-7204**

**Local Residents**
**(901) 382-0250**

| Date | Account # | Balance |
|------|-----------|---------|
| 12/10/2014 | 302-5189883 | $10611.82 |

466996664

KRISTINA B RENICK
1265 Old Mill Rd
Orlando FL 32806-7845

**MAIL ALL CORRESPONDENCE TO:**

**REGIONAL ADJUSTMENT BUREAU, INC.**
PO Box 34111
Memphis TN 38184-0111

CHECK CARD USING FOR PAYMENT        ☐ VISA        ☐ MASTERCARD

CARD NUMBER  PLUS 3 DIGIT SECURITY CODE (on back of card)        EXP. DATE
                                                                  /

CARDHOLDER NAME        CARDHOLDER SIGNATURE        AMOUNT
                                                   $

***Detach Upper Portion and Return with Payment***

| Client Name | | Principal | Interest | Fees | Balance | Account Number |
|-------------|---|-----------|----------|------|---------|----------------|
| KEISER UNIVERSITY/ | $ 5617 | $ 2545.94 | $ 2448.88 | $ 10611.82 | 590850253/601-001000 |

Our client has placed your delinquent account with this office for collection. As of the date of this letter, you owe $10,611.82. Because of interest, late charges, and other charges that may vary from day to day your payment may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (800)-829-7204.

It is important that you remit $10611.82 to avoid further collection efforts. If this is not possible, call our office to make arrangements to clear the balance owed.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

PLEASE NOTE THAT YOU CAN PAY YOUR ACCOUNT BY CHECK OR CREDIT CARD OVER THE INTERNET BY CONTACTING US AT rabinc.com/payment.

**WESTERN UNION** | **QUICK COLLECT**        **CHECK BY PHONE**
IS ACCEPTED

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

See reverse side for important information.

2ONRABI/21

Regional Adjustment Bureau, Inc. • 1900 Charles Bryan Rd, Suite 110 • PO Box 34111 • Memphis TN 38016
**(800)-829-7204• (901) 382-0250**
**Office Hours: 8:00 AM - 9:00 PM Monday-Thursday, 8:00 AM - 6:00 PM Friday**