UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division

Case No. 6:15-cv-1774-Orl-41-TBS

KRISTINA B. RENICK,

      Plaintiff,

vs.

TURNSTILE CAPITAL
MANAGEMENT, LLC,
AMERICAN CORADIUS
INTERNATIONAL, LLC
and RAB, INC.,

      Defendants.

_____/

# AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, KRISTINA B. RENICK, by and through her undersigned counsel, hereby files her Amended Complaint, sues the Defendants, TURNSTILE CAPITAL MANAGEMENT, LLC and REGIONAL ADJUSTMENT BUREAU, INC., and alleges as follows:

      1.     This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act, seeking actual damages, statutory damages, attorney's fees and costs.

      2.     Venue in this judicial district is proper under 28 U.S.C. §1391(b).   All of the actions and omissions forming the basis for this lawsuit occurred within this district.

      3.     This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d), and 28 U.S.C. §§1331, 1337, and 1367.

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 2
_____

4.      Plaintiff, KRISTINA B. RENICK (hereinafter referred to as "Plaintiff" or "RENICK"), brings this action for illegal practices of Defendants, TURNSTILE CAPITAL MANAGEMENT, LLC, and RAB, INC., who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff.

5.      Plaintiff alleges that Defendants, TURNSTILE CAPITAL MANAGEMENT, LLC, and REGIONAL ADJUSTMENT BUREAU, INC., and their respective debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

6.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.   Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.   The Eleventh Circuit has held that whether a debt

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 3
_____

collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

8.    To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct.   15 U.S.C. § 1692d(1)-(6).

9.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection statements and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

## PARTY-PLAINTIFF

10.    RENICK is a natural person who, at all times relevant to this complaint, resided in Orlando, Florida.

11.    RENICK is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.    RENICK is alleged to have incurred a financial obligation for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 4
_____

## PARTIES-DEFENDANTS

13.     Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC (hereinafter "TCM"), is a debt buyer having its principal office located at:   402 West Broadway, Suite 2000, San Diego, CA.

14.     TCM is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15.     Defendant, TCM is engaged in the collection of debts from consumers using the telephone, internet and U.S. mail.

16.     Defendant, TCM, regularly attempts to collect consumer debts alleged to be due to itself or to another.

17.     Defendant, REGIONAL ADJUSTMENT BUREAU, INC. (hereinafter "RAB"), is a debt collector having its principal office located at:   1900 Charles Bryan Road, Suite 110, Memphis, TN   38106.

18.     Defendant, RAB, INC., sometimes does business under the name of "Regional Adjustment Bureau of Tennessee."

19.     Defendant, RAB is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

20.     Defendant, RAB, is engaged in the collection of debts from consumers using the internet, telephone and U.S. mail.

21.     Defendant, RAB, regularly attempts to collect consumer debts alleged to be due to another.

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 5
_____

22.     Defendant, RAB, INC., is a foreign corporation, is doing business in the State of Florida but has failed to appoint an agent for service of process in Florida.   Accordingly, RAB, INC., can be served under the Florida Long Arm Statutes, §§48.193 and 48.194, Florida Statutes. Defendant's President, James S. Smith, Jr., is authorized to accept service by certified mail at Defendant's principal office address at:   1900 Charles Bryan Road, Suite 110, Memphis, TN 38106.

23.     Defendant, RAB, INC., is subject to this Court's specific and general personal jurisdiction under due process and/or the Florida Long Arm Statute due at least to defendants' substantial business in this forum, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Florida and in this district.

## FACTS

24.     Plaintiff, KRISTINA B. RENICK, is alleged to have incurred a financial obligation and is alleged to have defaulted on that obligation.

25.     The foregoing alleged financial obligations is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26.     On December 9, 2014, a representative of the Defendants, RAB and TCM, contacted the Plaintiff by telephone in an attempt to collect a consumer debt.

27.     On or about December 10, 2014, Defendant, RAB, wrote a collection letter to Plaintiff (hereinafter referred to as "RAB Collection Letter"), a copy of which is attached hereto.

28.     The RAB Collection Letter was an attempt by Defendant, RAB, to comply with

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 6
_____

the provisions of 15 U.S.C. §1692g.

29.     The amount demanded in the RAB Collection Letter was $10,611.82.

30.     The statements in the RAB Collection Letter as to the amount due were false,

misleading and deceptive.

31.     At the time that the RAB Collection Letter was written, Plaintiff was not indebted

to Defendant, TCM.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT - TCM

32.     Plaintiff sues the Defendant, TURNSTILE CAPITAL MANAGEMENT,

LLC. and repeats and realleges the allegations in paragraphs 1 through 32 hereof.

33.     The communications to Plaintiff from Defendant, RAB, on behalf of the

Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, in the form of the RAB

Collection letter dated December 10, 2014, was in violation of Section 808 of the

FDCPA, 15 U.S.C. §1692f(1) which provides:

    § 808. Unfair practices

    A debt collector may not use unfair or unconscionable means to collect or
    attempt to collect any debt. Without limiting the general application of the
    foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or
        expense incidental to the principal obligation) unless such amount is
        expressly authorized by the agreement creating the debt or permitted by
        law.

34.     The communications to Plaintiff from Defendants, RAB, on behalf of the

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 7
_____

Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, in the form of the RAB Collection

letter dated December 10, 2014, was in violation of Section 808 of the FDCPA, 15 U.S.C.

§1692f(1) which provides provides:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
>
>     *          *         *         *
>
>  (2) The false representation of—
>
> (A ) the character, amount, or **legal status of any debt**; (emphasis
> supplied).

35.   The legal status of the debt that was sought to be collected by Defendant,

TURNSTILE CAPITAL MANAGEMENT, LLC, was that it was not a valid debt.


## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so

triable. US Const. amend. 7, Fed.R.Civ.P.   38.

WHEREFORE, Plaintiff prays for this Court:

    a.   To declare that Defendant, TURNSTILE CAPITAL MANAGEMENT,
        LLC., has violated the FDCPA;

    b.   To award Plaintiff actual damages sustained as a result of the Defendant's
        failure to comply with the FDCPA;

    c.   To take whatever actions are necessary to repair Plaintiff's credit;

    d.   To award Plaintiff statutory damages not to exceed $1,000.00;

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 8
_____

    e.      To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

    f.      To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

    g.      To award such other and further relief as the Court deems proper.


**COUNT II**
**FAIR DEBT COLLECTION PRACTICES ACT – RAB**

36.     Plaintiff sues the Defendant, RAB, and repeats and realleges the allegations in paragraphs 1 through 32 hereof.

37.     The communication to Plaintiff from Defendant, RAB, in the form of the RAB Collection letter dated December 10, 2014 was in violation of Section 808 of the FDCPA, 15 U.S.C. §1692f(1) which provides:

    § 808. Unfair practices

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    b.  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

38.     The communication to Plaintiff from the Defendant, RAB, in the form of the RAB Collection Letter dated December 10, 2014 was in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

*Kristina B. Renick v. Turnstile Capital Management, LLC et al.*
Page 9

_____

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>                     *                 *                 *                 *
>
>  (2) The false representation of—
>
> (A ) the character, amount, or **legal status of any debt**; (emphasis supplied).

39. The legal status of the debt that was sought to be collected by Defendant, RAB, was that it was not a valid debt.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P.   38.

WHEREFORE, Plaintiff prays for this Court:

h.       To declare that Defendant, RAB, has violated the FDCPA;

i.       To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

j.       To take whatever actions are necessary to repair Plaintiff's credit;

k.       To award Plaintiff statutory damages not to exceed $1,000.00;

l.       To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

m.       To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 10
_____

     n.     To award such other and further relief as the Court deems proper.

## COUNT III
## FLORIDA CONSUMER COLLECTION PRACTICES ACT-TCM

    40.    Plaintiff sues Defendant, TURNSTILE CAPITAL MANAGEMENT,

LLC, and repeats and realleges the allegations in paragraphs 1 through 32 hereof.

    41.    Plaintiff is an individual who resides in Orange County, Florida.

    42.    Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

    43.    Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, is a

"person" as defined in §1.01(3), Fla. Stat.

    44.    Section 559.72 of the Florida Statutes provides, in part, as follows:

        Prohibited practices generally. — In collecting consumer debts, no person
        shall:

            *               *               *

        (9)   Claim, attempt, or threaten to enforce a debt when such person knows
        that the debt is not legitimate, or assert the existence of some other legal
        right when such person knows that the right does not exist.

    45.    Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, had

knowledge and control of the collection activities of its agents and representatives,

including but not limited to supervisors, managers, affiliates, subsidiaries, divisions,

employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or

contractors, for the alleged debt that is the subject of this lawsuit.

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 11
_____

46.     The tactics employed by Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

47.     Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

48.     All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

49.     Inasmuch as Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC asserted claims that did not exist as to Plaintiff, this was reasonably expected to abuse or harass the Plaintiff.

50.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51.     As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

52.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

53.     Plaintiff is entitled to damages under Fla. Stat. §559.77 against the Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC.

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 12
_____

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC, for the following:

A.      Declaratory judgment that Defendant's conduct violated the Florida Consumer
Collection Practices Act and declaratory and injunctive relief for the Defendant's
violations of the FCCPA.

B.      That Defendant be enjoined from any and all further illegal collection practices.

C.      Actual damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

D.      Statutory damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

E.      Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F.      For such other and further relief as may be just and proper.

## COUNT IV
## FLORIDA CONSUMER COLLECTION PRACTICES ACT-RAB

80.     Plaintiff sues Defendant, RAB, and repeats and realleges the allegations in

paragraphs 1 through 32 hereof.

81.     Plaintiff is an individual who resides in Orange County, Florida.

82.     Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

83.     Defendant, RAB, is a "person" as defined in §1.01(3), Fla. Stat.

84.     Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person
shall:

*               *               *

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 13
_____

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

85.     Defendant, RAB, had knowledge and control of the collection activities of its its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

86.     The tactics employed by Defendant, RAB, have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

87.     Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

88.     All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

89.     Inasmuch as Defendant, RAB, asserted claims that did not exist as to Plaintiff, this was reasonably expected to abuse or harass the Plaintiff.

90.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

91.     As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant, RAB, is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 14
_____

92.     Defendant's actions have directly and proximately resulted in Plaintiff's

prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

93.     Plaintiff is entitled to damages under Fla. Stat. §559.77 against the

RAB.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant, RAB, for the following:

A.     Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.     That Defendant be enjoined from any and all further illegal collection practices.

C.     Actual damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

D.     Statutory damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

E.     Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F.     For such other and further relief as may be just and proper.

25 November 2015

_____*/s/ N. James Turner*_____
N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address:  njtlaw@gmail.com

*Kristina B. Renick v Turnstile Capital Management, LLC et al.*
Page 15
_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 25 November 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   Rachel A. Morris, Esq., Sessions, Fishman, Nathan & Israel, L.L.C., 3350 Buschwood Park Drive, Suite 195, Tampa, FL. 33618.|

*/s/ N. James Turner*_____-
N. James Turner, Esquire